**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILMER JAVIER MAYORA,

Petitioner,

v. Case No. 2:26-cv-01324 KWR-GBW

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; ACTING DIRECTOR, Acting Director
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; AND TODD BLANCHE,
*Acting* U.S. Attorney General,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen in ICE custody. He asserts that his detention violates due process and he seeks release from custody. As explained below, Petitioner's claims are not well-taken and he is mandatorily detained at this time under 8 U.S.C. § 1231(a)(2). Therefore, the Petition is **DENIED** without prejudice.

Because it appeared that a final order of removal was entered, the Court issued an order to show cause directing the parties to submit simultaneous briefing "addressing (1) whether a final order of removal was entered and (2) whether Petitioner is mandatorily detained at this time under 8 U.S.C. § 1231, within **two (2) weeks** of the entry of this order." Doc. 11 at 2. Petitioner did not

address the order to show cause. Respondents assert that Petitioner failed to file a timely appeal of his removal order and therefore the removal order is final. They also assert that he is mandatorily detained under § 1231

It appears that Petitioner's removal order is final. An immigration judge issued an order of removal on June 3, 2026. The BIA stated that an appeal was due by July 6, 2026. Doc. 14-1 at 2. The BIA found that the notice of appeal was filed on July 30, 2026 and was untimely. Moreover, the BIA dismissed Petitioner's motion to accept a late appeal. Therefore, based on the record before the Court, it appears that the order of removal is final. 8 C.F.R. § 1241.1(c) (stating that removal order is final upon expiration of the appeal period if noncitizen does not file an appeal within that time). Petitioner does not argue that his order of removal is not final.

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a)(2) as he is in the 90 mandatory detention period following the entry of a final removal order. The Court agrees. Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1.

Here, Petitioner's removal order was issued on June 3, 2026, and it appears he reserved appeal. His appeal was due on July 6, 2026, but none was filed. Doc. 14 at 1. Thus, his removal order was final on that day. *See* 8 C.F.R. § 1241.1(c) (stating that removal order is final upon expiration of the appeal period if noncitizen does not file an appeal within that time). Alternatively, Petitioner's motion to accept his late notice of appeal was denied on August 25, 2026. 8 C.F.R. § 1241.1(a). Petitioner is therefore mandatorily detained under § 1231(a)(2) for ninety days from July 6, 2026 or August 25, 2026. Moreover, the six-month period in which detention is presumptively reasonable has not yet expired. *See Zadvydas*, 533 U.S. at 701.

Therefore, Petitioner is mandatorily detained at this time under § 1231(a)(2) and his Petition is denied without prejudice. Petitioner may file a new petition, for example, if the *Zadvydas* presumptively reasonable detention period has expired.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion (Doc. 12) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE